IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HAL YAEGER ) <br> 27600 Chardon Road ) <br> Willoughby Hills, OH  44092 ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br>  ) <br> BARTON W. STUCK ) <br> 148 Greens Farms Road ) <br> Westport, CT  06880 ) <br>  ) <br> and ) <br>  ) <br> MARK ANTHONY OWENBY ) <br> 1775 Carver Road ) <br> Griffin, GA  30224 ) <br>  ) <br> and ) <br>  ) <br> SIGNAL LAKE MANAGEMENT, LLC ) <br> c/o Barton W. Stuck, Manager ) <br> 148 Greens Farms Road ) <br> Westport, CT  06880 ) <br>  ) <br> and ) <br>  ) <br> SIGNAL LAKE GENERAL PARTNER LLC ) <br> c/o Barton W. Stuck, Manager ) <br> 148 Greens Farms Road ) <br> Westport, CT  06880 ) <br>  ) <br> Defendants. ) | CASE NO. <br><br> JUDGE <br><br><br><br> <u>COMPLAINT</u> <br><br> (Jury Demand) |

Now comes Plaintiff, Hal Yaeger, ("Yaeger") by and through the undersigned counsel,

and as his Complaint against Defendants, Signal Lake Management, LLC, ("Signal Lake");

Signal Lake General Partner LLC ("Signal Partner"); Barton W. Stuck ("Stuck"); and Mark Anthony Owenby ("Owenby") (collectively, "Defendants") states as follows:

## THE PARTIES

1. That Plaintiff Hal Yaeger is a resident of Lake County, of the State of Ohio.

2. That Defendant Signal Lake is a Delaware limited liability corporation with no present primary place of business other than a post office box in Connecticut.

3. That Defendant Signal Partner is a Delaware limited liability corporation.

4. That Defendant Owenby is a resident of the State of Georgia.

5. That Defendant Stuck is in charge, controls, operates and is manager of Defendants Signal Lake and Signal Partners.

## JURISDICTION & VENUE

6. That this is a controversy between citizens of different states, and the amount in controversy exceeds $75,000.

7. That this Court has jurisdiction pursuant to 28 U.S.C. §1332.

8. That jurisdiction is also proper because Defendants regularly conducted business in Ohio including, but not limited to, meetings in Dayton, Summit County, and Cuyahoga County in 2012-13, and because Defendants have committed tortious acts within the State of Ohio.

9. That Defendants purposefully directed their activities toward Plaintiff in Ohio with the intent to cause severe financial harm to Plaintiff in the State of Ohio.

10. That jurisdiction is also proper in this Court because the Defendants consented to jurisdiction in this Court, as set forth in a Promissory Note dated August 22, 2013 ("Promissory Note"), attached hereto as Exhibit A.

11. That the Promissory Note expressly provides:

> <u>Any legal action or other legal proceeding relating to this Note</u> or the enforcement of any provision of this Note may be brought or otherwise commenced in any state or federal court located in Ohio.

Exhibit A, p. 2, ¶ 9 (emphasis added.)

12. That the Promissory Note also provides that:

> All amounts payable herein shall be payable at the home/office of Payee at c/o Yaeger and Associates, LLC, 27600 Chardon Road, Suite 502, Cleveland, Ohio.

Exhibit A, p. 1, ¶ 5.

13. That venue is proper pursuant to 28 U.S.C. §1391(b)(2) and (b)(3).

14. That venue is also proper in this Court because Defendants consented to venue in this Court, as set forth in the Promissory Note. *See* Exhibit A, ¶ 9.

## FACTUAL BACKGROUND

15. That at a meeting in Mayfield Heights, Ohio, Defendant Owenby directed and requested services from Plaintiff for the benefit of all Defendants pursuant to an oral agreement.

16. That Plaintiff's services were provided to assist Defendants with the potential acquisition of and/or investment in various entities operating in Ohio.

17. That as part of Plaintiff's services to Defendants, Plaintiff met with Ohio entities in Ohio along with Defendants Stuck and Owenby.

18. That Defendants had insufficient funds and/or assets to pay Plaintiff for the services when Defendant Stuck was negotiating with Plaintiff for said services, before any agreement for the services was reached.

19. That in part to convince Plaintiff to continue providing services, Defendants created and then provided written confirmation that Twenty Million Dollars ($20,000,000.00) was in escrow to fund a proposed transaction for which Plaintiff was providing services in Ohio.

20. That a copy of the written confirmation dated May 15, 2013 sent to Plaintiff in Ohio is attached hereto as Exhibit B ("Escrow Letter").

21. That both Defendant Stuck and Defendant Owenby executed the Escrow Letter purportedly on behalf of Signal Partner.

22. That Escrow Letter represents that:

A total of US $20,000,000 have been reserved for financing FireChill, Inc.

Exhibit B.

23. Upon information and belief, on May 15, 2013, there was not Twenty Million Dollars ($20,000,000.00) reserved anywhere.

24. That Plaintiff never received payment as agreed for the services provided in Ohio.

25. That after Plaintiff's repeated request for payment and Defendants' failure to make said payment, Defendant Stuck executed a Promissory Note to Plaintiff from Defendant Signal Lake on August 22, 2013, a true and accurate copy of which is attached hereto as Exhibit A.

26. That Defendants knew Defendant Signal Lake would not and could not pay the Promissory Note when it was executed on August 22, 2013.

27. That on August 22, 2013, Defendants had no intent to ever pay Plaintiff any amount.

28. That on August 22, 2013, Defendants intentionally and falsely represented to Plaintiff that they intended to honor and pay pursuant to the terms of the Note.

29. That pursuant to its terms, the Note was mature and due as of December 15, 2013.

30.     That the Court of Common Pleas in Lake County, State of Ohio entered judgment on the Promissory Note against Defendant Signal Lake in the amount of $175,000 plus interest at a rate of 5% per month from August 22, 2013, plus court costs.

31.     A true and accurate copy of that Judgment dated April 15, 2014 against Signal Lake is attached hereto as Exhibit C.

32.     That Defendant Owenby has a history of presenting false documents which purport to evidence available funds.

33.     That in 2012-13 (both before and after the Promissory Note was executed), Defendant Owenby provided third parties with a document representing he and/or his entity had Five Billion Euros (€5,000,000,000.00).

34.     That a copy of the purported ABN AMRO memorandum confirming the availability of Five Billion Euros (€5,000,000,000.00) is attached hereto as Exhibit D.

35.     That upon information and belief, Defendant Owenby has a history of falsely stating that he has access to funds when in fact he has never had access to Five Billion Euros (€5,000,000,000.00) or Twenty Million Dollars ($20,000,000.00).

COUNT ONE

36.     That Plaintiff realleges and reavers the allegations in the foregoing paragraphs.

37.     That Defendants made numerous material representations to Plaintiff which were known to be false when made.

38.     That Defendants knew that Plaintiff would justifiably rely upon the representations.

39.     That Plaintiff justifiably relied to his detriment upon the representations by Defendants.

5

40. That Plaintiff has been damaged by Defendants' fraudulent conduct.

## COUNT TWO

41. That Plaintiff realleges and reavers the allegations in the foregoing paragraphs.

42. That Defendants Signal Lake and Signal Partners are the alter ego of Defendants Stuck and Owenby.

43. That Defendants Stuck and Owenby completely control Defendants Signal Lake and Signal Partners such that said entities have no separate mind, will or existence.

44. That Defendant Stuck and Owenby are liable for the obligations of Defendants Signal Lake and Signal Partners.

## COUNT THREE

45. That Plaintiff realleges and reavers the allegations in the foregoing paragraphs.

46. That Defendants' acts were malicious and demonstrated a conscious disregard for Plaintiff's rights, and such conduct had a great probability of causing financial harm and did cause substantial financial harm to Plaintiff.

47. That Plaintiff is entitled to punitive damages from Defendants.

Wherefore, Plaintiff Hal Yaeger respectfully requests judgment, jointly and severally, against Defendants as follows:

1. For compensation damages in the amount of One Hundred Seventy Five Thousand Dollars ($175,000.00) with interest at the rate of five percent (5%) per month calculated from August 1, 2013;

2. For punitive damages in an amount in excess of One Million Dollars ($1,000,000.00);

3. For all attorney fees and costs; and

4. For all other relief which this Court deems equitable and just.

                                                    Respectfully submitted,

                                                    Brennan, Manna & Diamond, LLC

                                                    /s/ Donald W. Davis, Jr.
                                                    Donald W. Davis, Jr. (#0030559)
                                                    Elizabeth Shively Boatwright (#0081264)
                                                    75 East Market Street
                                                    Akron, Ohio 44308
                                                    (330) 253-5060
                                                    (330) 253-1977 (fax)
                                                    dwdavis@bmdllc.com
                                                    esboatwright@bmdllc.com

<u>JURY DEMAND</u>

Plaintiff hereby respectfully requests a trial by jury on all claims herein.

                                                    /s/ Donald W. Davis, Jr.