**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **HAL YAEGER,** | ) | **CASE NO.5:14CV2176** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **BARTON W. STUCK, ET AL.,** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Defendant Mark A. Owenby's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief May be Granted (ECF # 13); and Defendants' Signal Lake Management LLC, Barton Stuck and Signal Lake General Partner LLC Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted (ECF # 15).  For the following reasons, the Court grants the above Motions and dismisses the above-captioned case without prejudice.

<u>**Factual Allegations**</u>

Plaintiff's Complaint alleges diversity jurisdiction as Plaintiff is an Ohio resident while Defendants are all citizens of states outside Ohio.  The Complaint alleges the controversy exceeds $75,000.

According to Plaintiff's Complaint, a meeting was held in Mayfield Heights, Ohio wherein Defendant Mark Owenby ("Owenby") directed and requested services from Plaintiff for the benefit of all Defendants pursuant to an oral agreement.  These services by Plaintiff were to assist Defendants with the potential acquisition of and/or investment in various entities operating in Ohio.  In the course of providing these unidentified services, Plaintiff met with unidentified entities in Ohio along with Defendants Barton Stuck ("Stuck") and Owenby.

Plaintiff alleges Defendants lacked the assets to pay Plaintiff for his services at the time Stuck was negotiating with Plaintiff for these services and before any agreement was reached.

In order to convince Plaintiff to continue providing the unidentified services at an unidentified time to unidentified entities, Defendants created and provided written confirmation that twenty million dollars was available in escrow to fund a proposed unidentified transaction for which Plaintiff was providing unidentified services.  This letter was signed by both Stuck and Owenby.

Plaintiff alleges there never was twenty million dollars in an escrow fund as of May 15, 2013, the date the escrow letter was signed.  Plaintiff further alleges he was never paid as agreed for his services.  On August 22, 2013, after Plaintiff made repeated requests for payment, Stuck executed a Promissory Note to Plaintiff from Signal Lake Management LLC on August 22, 2013.  Defendants knew Signal Lake could not pay the Note when it was executed.  Defendants had no intent to pay on the Note and falsely represented on August 22, 2013, that they intended to honor and pay pursuant to the terms of the Note.

Plaintiff obtained a judgment on the Note in Lake County Court of Common Pleas on

2

April 15, 2014 in the amount of $175,000 plus interest and costs.

Plaintiff alleges Owenby has a history of presenting false documents, including representing he and/or an entity of his had five billion euros as represented by the letter from ABN-AMRO attached to the Complaint.

Plaintiff alleges claims against all Defendants for Fraud and Alter Ego Liability against Stuck and Owenby for obligations of Signal Lake and Signal Partners and Punitive Damages.

**Stuck and Signal Lake Motion to Dismiss**

Stuck and the Signal Lake entities move to dismiss Plaintiff's claims because Plaintiff has admittedly already obtained a judgment on the Note against Defendant Signal Lake Management LLC.  Defendants contend Plaintiff is simply attempting to litigate this matter piecemeal and the doctrine of res judicata prohibits such conduct.  Stuck is in privity with Signal Lake Management because he controlled its operations.

Defendants further contends the Complaint fails to allege any actionable claim against Signal Lake Partners other than they signed the Escrow Letter.  That Letter merely represents the amount of assets in an entity for the benefit of third party investors.

Furthermore, Defendants contend Plaintiff's Fraud claim fails because it fails to identify with sufficient particularity the time, place and content of the alleged misrepresentations.  Because the Fraud claim is alleged against all Defendants, without distinguishing who did what, where and when, the claim fails to state a claim as a matter of law.

Defendants further dispute that they had any duty to disclose and argue Plaintiff could

3

not justifiably rely on the Escrow Letter because it makes no promise to pay Plaintiff. Furthermore, Defendants contend the ABN-AMRO letter has nothing to do with any parties in this litigation.  Finally, Plaintiff's Complaint belies his Fraud claim because his prayer seeks the very same compensatory damages which he already has a judgment-i.e.-the Promissory Note's promise to pay $175,000.

Plaintiff responds that he only learned of the fraudulent conduct after he obtained judgment on the Promissory Note.  Plaintiff further alleges he was negotiating with Defendants for an employment contract as executive of Firechill Inc. and as operating partner of Signal Lake Management.  He further argues the allegations in the Complaint sufficiently support his claims.

## Owenby's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim

Owenby contends he is not subject to the jurisdiction of this Court as he is a Georgia citizen, has only been to Ohio once, does not conduct business in Ohio, owns no business in Ohio, has not contracts to sell goods or services in Ohio, has no contracts with Ohio residents, owns no property in Ohio, derives no revenue from Ohio and did not sign the Promissory Note.  He further attests he is not a member of Signal Lake Management LLC or Signal Lake General Partner LLC.  His one contact with Ohio was when he attended a meeting in Ohio at the request of Stuck to consult on potential investment in an Ohio business.  Yaeger was present at the meeting.  Owenby contends he never requested any services from Yaeger.  The advice he gave was honest and he never promised to pay Yaeger.  He disclaims ever providing false documents to Yaeger.

## Plaintiff's Opposition to Owenby's Motion

4

Plaintiff contests Owenby's representations concerning his contacts with the State of Ohio. Plaintiff offers his own affidavit attesting that Owenby: met twice in Ohio with Yaeger, orally contracted for Plaintiff's services in Ohio, sought Plaintiff's services in relation to an Ohio business, represented he was a partner of Stuck and represented Signal Lake Management and Signal Lake Partner, signed the Escrow letter and attempted to develop business in Ohio. Therefore, he contracted to do business in Ohio, caused tortious injury by an act in Ohio, caused tortious injury by an act outside Ohio and in so doing purposefully availed himself of the privilege of conducting business in Ohio. Therefore, Plaintiff contends Owenby is subject to personal jurisdiction in Ohio. Plaintiff further contends the allegations in his Complaint satisfy the pleading requirements under the Federal Rules of Civil Procedure.

## LAW AND ANALYSIS

### A. Civil Rule 12(b)(6) Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

5

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## **Fraud**

Defendants all move to dismiss Plaintiff's Fraud claim for Plaintiff's failure to plead Fraud with sufficient particularity. Fed. R. Civ. P. 9(b) establishes the pleading requirements of a Fraud claim stating:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

The Sixth Circuit has held that, at a minimum, a claim for Fraud must allege "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud," and enables defendants to "prepare an informed pleading responsive to the specific allegations of fraud." *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.* 501 F.3d 493, 509 (6th Cir. 2007) quoting *United States ex rel. Bledsoe v. Community Health Systems,* 342 F.3d 634, 643 (6th Cir.2003).  See also *United States ex rel. Branhan v. Mercy Health Sys. of Southwest Ohio,* No. 98–3127, 1999 WL 618018, at *1 (6th Cir. Aug.5, 1999) (affirming dismissal of a complaint alleging improper billing in violation of the FCA because it "failed to allege a single specific incident in which improper billing occurred and the plaintiff never set forth the dates, times, or the names of individuals who engaged in the alleged improper billing"). "Essentially, the amended complaint should provide fair notice to Defendants and enable them to prepare an informed pleading responsive to the specific allegations of fraud." *U.S. ex rel. Bledsoe*,  342 F.3d at 643.

Furthermore, the Sixth Circuit has held that dismissal is proper if a Fraud claim only alleges generalized fraud claims against a number of defendants.  A complaint "may not rely upon blanket references to acts or omissions by all of the 'defendants,' for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." *Id.*

The Court holds Plaintiff's claim for Fraud suffers from a number of fatal defects, including failure to plead time, place and content and pleading fraud against all defendants without alleging the particular fraud each Defendant perpetrated.

7

First, the claim itself presents only conclusory legal conclusions proscribed by

*Twombly* and *Iqbal*. At Count One of the Complaint it reads:

## COUNT ONE

36. That Plaintiff realleges and reavers the allegations in the foregoing

paragraphs.

37. That Defendants made numerous material representations to Plaintiff which

were known to be false when made.

38. That Defendants knew that Plaintiff would justifiably rely upon the

representations.

39. That Plaintiff justifiably relied to his detriment upon the representations by

Defendants.

40. That Plaintiff has been damaged by Defendants' fraudulent conduct.

(Plaintiff's Complaint pgs. 5-6.)

The factual allegations offer little insight into the basis for this claim. First, Plaintiff

references an oral agreement but does not give a date, time or place for the agreement and

does not describe its terms. Instead, Plaintiff only alludes to vague "services" requested of

Plaintiff by Defendants. These undefined services were alleged to be for the benefit of all

Defendants. (Complaint at 15-17). The Complaint then alleges Defendants had insufficient

funds to pay for these services when Defendant Stuck was negotiating with Plaintiff for said

services, before any agreement for the services was reached. (Complaint at 8.) Plaintiff's

Complaint then states Defendants created and signed an escrow letter to induce Plaintiff to

continue providing the undefined services for some vague and undefined "proposed

transaction."  Plaintiff attaches the escrow letter.  This letter, dated May 15, 2013, reads in its entirety:

> To Whom IT May Concern:
>
> I am the *escrow* agent for *Signa1* Lake FireChill LLC. *This* entity is ready, willing and able to fund FireChill Inc, an airconditioning and heating equipment business. A total of US$20,000,000 have been reserved for financing FireChill Inc.
>
> Yours truly,

The letter is signed by Stuck as Managing Member, Signal Lake General Partner LLC and as Managing Member, Signal Lake FireChill, LLC.  It is also signed by Owenby as Escrow Agent for Signal Lake General Partner LLC.  The letter is not addressed to anyone in particular nor does the Complaint describe the relationship of Firechill Inc. to any of the parties or issues in the case.  Plaintiff's Complaint then alleges there was not twenty million held in escrow as related in the letter.  Plaintiff  alleges he was not paid for his services as agreed.  However, the terms of the alleged oral contract are never described, nor are his services described, nor are there facts alleged how any misrepresentations alleged in the escrow letter affected the alleged oral contract, nor does it remotely evidence how he relied on its representations to his detriment.

The Complaint then alleges that due to Defendants failure to pay him some undefined amount, for undefined services pursuant to an undefined oral contract that occurred at some undefined place and time, Plaintiff alleges Stuck and Signal Lake agreed to pay Plaintiff pursuant to a Promissory Note executed on August 22, 2013.  Plaintiff's Complaint alleges that all Defendants knew they did not have the funds to pay Plaintiff at the time they executed

9

the Promissory Note.   When Defendants defaulted on the Note, Plaintiff obtained a judgment in Lake County Court of Common Pleas on the Note in the amount of $175,000 plus interest and costs against Signal Lake Management LLC on April 15, 2014.    The remaining factual allegations refer to Owenby having a history of providing documents misrepresenting availability of funds.  The Complaint alleges Owenby has a history of presenting documents to third parties misrepresenting funds he purportedly has access to.  It then attaches a document between parties that on the face of it are completely unrelated to any parties in this suit.

The Court holds Plaintiff's Fraud claim lacks sufficient particularity to put Defendants' on notice in order to prepare an informed responsive pleading.  Plaintiff's Fraud claim makes blanket assertions against all Defendants which the Sixth Circuit has directly held fails to comply with the particularity requirements of Rule 9(b).  Furthermore, such blanket assertions of fraud are belied by the supporting documents Plaintiff attaches to his Complaint.  For instance, Plaintiff's Complaint alleges Defendants knew Signal Lake would not and could not pay the Note and Defendants had no intent to pay Plaintiff and that the Defendants intentionally and falsely represented to Plaintiff they intended to honor and pay pursuant to the Note terms.  However, the Note only represents a promise by Signal Lake Management to pay Plaintiff and Plaintiff has already received a judgment for that failure to pay against Signal Lake Management.  The allegations fail to plausibly assert any time, place and content facts supporting some representation by the other Defendants that they intended to pay on the Note.  Also, any pre-Note agreement to pay utterly lacks any factual context and cannot support a fraud claim because it fails to put any of the parties on notice of their

particular wrongful acts.  Lastly, any obligation arising from the escrow letter lacks sufficient particularity as to what the escrow was intended to induce Plaintiff to do.   An escrow letter to unidentified parties that simply affirms funds available induced Plaintiff to do some undefined services for Defendants does not support a Fraud claim.

Therefore, the Court grants Defendants' Motions to Dismiss Plaintiff's Fraud claim for failure to state a claim upon which relief may be granted.

## Alter Ego

Plaintiff's Complaint further fails to allege any supporting factual allegations for his claim that Stuck and Owenby are alter egos of Signal Lake Management and Signal Lake Partners other than his conclusory allegations that they are alter egos and exercise complete control over Signal.  Furthermore, alter ego is an equitable doctrine requiring an underlying breach of duty under tort or contract in order to obtain relief.  Plaintiff's Complaint contains insufficient facts to support such a claim.

## Punitive Damages

Plaintiff's claim for punitive damages fails because his underlying tort claim fails under the *Twombly/Iqbal* standard.

Therefore, for the foregoing reasons, the Court grants Defendants' Motions to Dismiss Plaintiff's Complaint for failure to state a claim.  This dismissal is without prejudice.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
Dated:  September 30, 2015          United States District Judge